United States District Court
Southern District of Texas
**ENTERED**
March 12, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Anthony Robinson and Latoya Robinson, | § § § § | |
| *Plaintiffs,* | § § | Civil Action No. 4:26-cv-00016 |
| v. | § § § | |
| Brazos Valley Council of Governments, et al., | § § § | |
| *Defendants.* | § § § | |

## ORDER ON REQUEST FOR COURT-APPOINTED LAWYER

This is a housing dispute.  Plaintiffs Anthony Robinson and Latoya Robinson filed this suit against Defendants Brazos Valley Council of Governments ("BVCOG"), BVCOG employees Roger Sheridan, Harold Womble, Leanne Ray, Lilly Moncivais, Audrey De La Rosa, and Yasmin Coleman, Heritage Apartments employees Linette Bounds and Jackie Hampton, and their former neighbor, Cassandra Karow.  Dkt. 1-7 at 2.  Plaintiffs allege that Defendants violated their due process rights, U.S. Const. Amend. XIV, Tex. Const. Art. I § 19, the Violence Against Women Act, 34 U.S.C. § 12491, the Fair Housing Act, 42 U.S.C. §§ 3604(f), 3617, and the Texas Penal Code § 42.092, and that the termination of Plaintiffs' Section 8 housing voucher was arbitrary and capricious, 24 C.F.R. § 982.555(e)(6).

Dkt. 1-7 at 2-8.  Now pending are Plaintiffs' two separate motions[1] requesting a court-appointed attorney under 28 U.S.C. § 1915(e)(1).  Dkts. 13, 14.

Section 1915(e)(1) provides that for litigants proceeding *in forma pauperis* (IFP), a court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Under this statute, a court should appoint an attorney only when the case presents exceptional circumstances.  *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).  This is because "the appointment of counsel in a civil case is a privilege and not a constitutional right."  *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).  Thus, a complainant, even if indigent, "has no right to the automatic appointment of counsel."  *See Ulmer*, 691 F.2d at 212 (citations omitted).

When evaluating whether exceptional circumstances exist, courts have considered several non-exclusive factors: "1. the type and complexity of the case; 2. the litigant's ability to investigate and present his case; 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and 4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination."  *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (quotation omitted).  Courts may

---

[1] Plaintiffs' second motion (Dkt. 14) repeats and expands upon the contentions in their first request for a Court-appointed attorney (Dkt. 13).

also consider the extent of a plaintiff's attempts to secure private counsel independently. *See id.*

Although Plaintiffs' motions invoke Section 1915, they have neither sought nor been granted leave to proceed *in forma pauperis* in this Court. That omission alone merits denying their request to appoint counsel.

Moreover, Plaintiffs have not shown that theirs is an exceptional case warranting appointment of counsel. As to the first two factors, Plaintiffs maintain that this case involves "complex federal and administrative law issues" that "exceed the typical capacity of a pro se litigant to litigate effectively without counsel." Dkt. 14 at 2. They note that this case will require a review of the complete administrative record exclusively controlled by the Defendants, and that their lack of PACER access prevents them from being able to verify Defendants' representations. *Id.*

Contrary to Plaintiffs' assertions, there is nothing unusual about this case. Plaintiffs' claims are not factually or legally complex, and "do not appear to involve complex evidence, testimony, or circumstances that would require assistance of counsel …." *See Thomas v. Enriched Schs.*, 2024 WL 3496543, at *2-3 (E.D. La. July 19, 2024) (denying request for counsel in a suit that was not "unusual or exceptional"). At this early stage, nothing indicates that the process of gathering proof, including obtaining relevant documents during

discovery, will be inordinately complicated.  Access to PACER has no bearing on that process.

In addition, Plaintiffs have already prepared and submitted comprehensible filings even without an attorney's assistance.  *See, e.g.*, Dkt. 1-7 (complaint, including cogent summary of the factual allegations); Dkt. 14 (citing 28 U.S.C. § 1915(e)(1)).  And Plaintiffs have not shown that they have attempted to secure counsel, including counsel who would be willing to take the case on a contingency fee.  No exceptional circumstances justify appointing counsel.

## Conclusion

For the reasons above, it is **ORDERED** that Plaintiffs Anthony and Latoya Robinson's motions for appointment of counsel (Dkts. 13, 14) are **DENIED**.

Signed on March 12, 2026, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

4